836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
POLICE BENEVOLENT ASSOCIATION OF RICHMOND, VIRGINIA,
Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-2561.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1987.
Decided Dec. 16, 1987.
 
 Collins Denny, III (James C. Roberts, Mays & Valentine on brief) for appellant.
 David Michael Moore, Tax Division, Department of Justice (Michael C. Durney, Acting Assistant Attorney General, Michael L. Paup, Robert S. Pomerance, Tax Division, Department of Justice, Henry E. Hudson, United States Attorney on brief) for appellee.
 Before DONALD RUSSELL, WIDENER, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from the grant of summary judgment against the Police Benevolent Association (the Association) of Richmond, Virginia, on its claim against the United States for refund of taxes paid. The Association contends that it is exempt from taxes as either a "charitable" or a "social welfare" organization under section 501(c)(3) or 501(c)(4) of the Internal Revenue Code. 26 U.S.C. Sec. 501(c)(3) and (4) (1982).
 
 
 2
 The Association is a non-stock membership corporation composed of police officers from the Richmond, Virginia police force. Its purpose is to provide pension benefits to its retired members. The Association has argued that payment of these pensions relieves Richmond city taxpayers of a portion of their obligation to retired police officers. The pensions, therefore, in their view have a sufficiently public purpose to render the Association a tax exempt charitable organization.
 
 
 3
 As the District Court found, however, the Association's goal of relieving the public's tax burden is only incidental to its primary purpose: providing financial security for its members. The statutes require an exclusively, not incidentally charitable purpose. Id. We therefore affirm the judgment of the District Court granting the government's motion for summary judgment.